IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT DOWLING,**

        **Petitioner,**

    **v.**                                             **CIVIL ACTION NO. 1:12cv177**
                                                             **(Judge Keeley)**

**ANN CARTER,**

        **Respondent.**

**REPORT AND RECOMMENDATION**

**I. BACKGROUND**

On December 14, 2012, the *pro se* petitioner, Robert Dowling, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241 seeking additional credit toward his sentence. On January 7, 2013, the petitioner paid the $5.00 filing fee. On January 8, 2013, the undersigned reviewed the substance of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On January 29, 2013, the respondent filed a Response together with a Motion to Dismiss or, in the Alternative, for Summary Judgment. On February 4, 2013, a Roseboro Notice was issued, and on April 1, 2013, the petitioner filed his response.

**II. FACTS**

On April 6, 2000, the petitioner pleaded guilty in the United States District Court for the Virgin Islands to manufacturing a controlled substance within 1000 feet of a school. (Doc. 12-1). On August 20, 2000, the petitioner was sentenced to 15 months in prison to be followed by six years of supervised release. (Id.).

On April 21, 2005, while on supervised release for his 2000 conviction, the petitioner was arrested and charged in the United States District Court for the Virgin Islands with possession with intent to distribute more than 100 marijuana plants and possession with intent to distribute approximately three kilograms of cocaine. (Doc. 12-2). On July 22, 2005, the petitioner was released pending trial. (Id.). On March 30, 2007, while on pretrial release for the 2005 charges, the petitioner was arrested and subsequently charged in the District Court for the Virgin Islands with possession of marijuana and possession with intent to distribute cocaine base. (Doc. 12-3). On August 10, 2007, the petitioner pleaded guilty to the 2005 and 2007 marijuana charges. (Id.). On August 31, 2007, the District Court revoked the petitioner's supervised release in the 2000 case and sentenced him to 33 months in prison, to run concurrently to the sentences that would be imposed in the 2005 and 2007 cases. (Doc. 12-1).

On January 21, 2010, the District Court sentenced the petitioner to 81 months in prison on the 2005 conviction and 8 months in prison on the 2007 conviction, to run consecutively to one another and concurrently to the 33-month sentence imposed on August 31, 2007. (Doc. 12-4). In addition, the District Court directed that the petitioner receive credit for time served from April 15, 2005 to July 3, 2005 and from March 30, 2007 to January 21, 2010. (Id.). On October 27, 2011, the District Court entered an Amended Judgment, changing April 15, 2005 to April 21, 2005. (Doc. 12-5).

On June 22, 2012, the Federal Bureau of Prisons ("BOP") prepared a sentence computation for the petitioner's three terms of imprisonment. (Doc. 12-6, p. 5). The BOP combined the portion of the petitioner's 33-month revocation sentenced that he had served between August 31, 2007 and January 20, 2010 with the 89 months he received on January 21, 2010, calculating an aggregate term of imprisonment of 117 months and 21 days. The BOP then began computation of this

2

aggregate term of imprisonment on August 31, 2007, with prior custody credit from April 21, 2005 to July 22, 2005 and from March 30, 2007 to August 30, 2007. (Id.). Based upon this calculation, the BOP projects that the petitioner will be released from custody via good conduct time release on July 25, 2015. (Doc. 12-6, p. 6).

### III. CONTENTIONS OF THE PARTIES

The petitioner alleges that BOP officials have ignored the express wording of his January 21, 2010, Judgment Order in criminal # 2005-0031. Specifically, the petitioner points to this language in the sentencing order:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 81 months. His sentence in criminal #2005-0031 and his 8 months sentence in criminal #2007-0044 are to be served consecutively but concurrent with his sentence in criminal #2000-016. The Defendant is to receive credit for time served on sentence in criminal 2005-0031 for the periods of April 15, 2005 to July 22, 2005 and March 30, 2007 to present.

Amended Judgment in a Criminal Case.[1]

Based on this language, the petitioner submits that his properly calculated release date is June of 2013, not July of 2015. In effect, the petitioner is arguing that the sentencing judge ordered that his sentence imposed on January 21, 2010, was to be "retroactively concurrent" to his sentence imposed on August 31, 2007.

The Government contends that the petition should be dismissed because it lacks support both in law and in fact. The respondent argues that the BOP appropriately aggregated the petitioner's multiple sentences, correctly began computation of the petitioner's aggregate sentence of the date of imposition of the first sentence, and properly awarded the petitioner prior custody credit to which

---

[1] See Doc. 293 in Criminal 2005-0031 (United States District for Virgin Islands, District of St. Croix available on PACER.

3

he was entitled.

In response, the petitioner argues that the respondent's reading and application of the directives of 18 U.S.C. §§ 3584 and 3585 is too restrictive and is contrary to the very specific ruling issued by his sentencing judge at the sentencing hearing conducted simultaneously on January 21, 2010 for Criminal Nos. 2005-031 and 2007-044.

## IV. STANDARD OF REVIEW

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations

4

omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon , 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla

5

of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986

## V. **ANALYSIS**

Review of this petition must start with the basic premise that a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In addition, a defendant must be given credit 'for any time he has spent in official detention prior to the date the sentence commences...that has not been credited against another sentence.' 18 U.S.C. 3585(b)" King v. DeBoo, 2012 WL 1119763, *2 (N.D. W.Va. Apr. 3, 2012)(Bailey). e.

The Attorney General, through the BOP, is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the

6

commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

(emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." <u>Wilson</u>, <u>supra</u> at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. <u>See</u> <u>U.S. v. Brown</u>, 977 F.2d 574 (4th Cir, 1992)(Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences **unless it has been credited against another sentence**). (emphasis added); <u>U.S. v. Goulden</u>, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

Also relevant to this matter is 18 U.S.C. § 3584(c), which governs how to calculate a sentence when multiple terms of imprisonment are ordered to run consecutively or concurrently. Specifically, this section of the code provides that such terms "shall be treated for administrative purposes as a single, aggregate term of imprisonment."

In accordance with 18 U.S.C. § 3584(c), the BOP first aggregated the portion of the petitioner's 33-month revocation sentence that he had served between August 31, 2007 and January 20, 2010 with the 89 months he received on January 21, 2010, amounting to an aggregate term of imprisonment of 117 months and 21 days. The petitioner's aggregate term of imprisonment was then calculated as commencing on August 31, 2007, because this is the date the petitioner was first received in custody awaiting transportation to the official detention facility at which is eventual aggregate sentence was to be served. Finally, the BOP awarded the petitioner prior custody credit toward his aggregate sentence from April 21, 2005 to July 22, 2003 and March 3, 2007 to August 30, 2007, because those are days in which the petitioner was in pretrial detention and were not credited against any other sentence.

Pursuant to its mandate, the BOP has properly calculated the petitioner's sentence, and he is not entitled to any additional credit.

In reaching this decision, the undersigned is mindful that Judge Bartle did, in fact, include in the petitioner's Judgment a provision that he receive credit for time served on his 81 month sentence in criminal 2005-031 for the periods of April 21, 2005 to July 22, 2005 and March 30, 2007 to present (Doc. 21-2). However, a sentence cannot begin before it is imposed – a fact, no doubt, that Judge Bartle understood. In reading the transcript of the petitioner's sentencing hearing conducted on January 21, 2010, it appears that Judge Bartle was advised by counsel that the petitioner had been in pre-trial detention for the 2005 and 2007 convictions from March 30, 2007, to the date of the hearing. However, this was clearly incorrect, because the petitioner was serving his 33-month revocation sentence during that time. Because the petitioner had already received credit for that time in 1:00-cr-16, he could not receive credit for that same time in either 1:05-cr-31 or 1:07-cr-44. The undersigned further appreciates that had the petitioner been sentenced in the 2005 and 2007 cases sooner than 28-months after he pleaded guilty, his concurrent sentences would have resulted in a shorter aggregate sentence, and his release date would be sooner than the currently projected date of July 25, 2015. However, that is something this Court cannot change.

## VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc.11) be **GRANTED**, and the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days of being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such

8

objections should also be submitted to the Honorable Irene M. Keeley , United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: April 19, 2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE