IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT DOWLING,**

    **Petitioner,**

**v.** // CIVIL ACTION NO. 1:12CV177
                                      (Judge Keeley)

**ANN CARTER,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the magistrate judge's Report and Recommendation concerning the 28 U.S.C. § 2241 petition filed by Robert Dowling. For the reasons that follow, the Court **ADOPTS** the R&R in its entirety.

**I.**

On December 14, 2012, the pro se petitioner, inmate Robert Dowling ("Dowling"), filed a petition pursuant to 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") had miscalculated his sentence. (Dkt. No. 1). The Court referred this matter to United States Magistrate Judge David J. Joel for initial screening and a report and recommendation in accordance with LR PL P 2.

On January 29, 2013, the respondent, Ann Carter ("Carter"), filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment. (Dkt. No. 11). The Magistrate Judge issued a Roseboro notice to the petitioner on February 4, 2013, and he filed

a response in opposition to Carter's motion on April 1, 2013. (Dkt. No. 21). Magistrate Judge Joel issued an Opinion and Report and Recommendation ("R&R") on April 19, 2013, in which he concluded that the BOP had correctly calculated Dowling's sentence. (Dkt. No. 22). As such, he recommended that Carter's motion to dismiss be granted and the petitioner's § 2241 petition be denied and dismissed with prejudice. Id.

On May 7, 2013, Dowling filed one objection to Magistrate Judge Joel's R&R. (Dkt. No. 24). He contends that this Court, and presumably the BOP, is "bound" by the statement of his sentencing judge, the Hon. Harvey Bartle III, United States District Judge for the District Court of the Virgin Islands, concerning the amount of credit Dowling should receive for time served. Id. After conducting a de novo review, the Court finds Dowling's objections are without merit.

## II.

On April 6, 2000, Dowling pleaded guilty in the United States District Court for the Virgin Islands to manufacturing a controlled substance within 1000 feet of a school. (Dkt. No. 12-1). On August 20, 2000, he was sentenced to 15 months in prison to be followed by six years of supervised release. Id.

On April 21, 2005, while on supervised release for his 2000 conviction, Dowling was arrested and charged in the United States

**DOWLING v. CARTER**                                              **1:12CV177**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

District Court for the Virgin Islands with possession with intent to distribute more than 100 marijuana plants and possession with intent to distribute approximately three kilograms of cocaine. (Dkt. No. 12-2). On July 22, 2005, he was released pending trial. Id. On March 30, 2007, while on pretrial release for the 2005 charges, he was arrested and subsequently charged in the District Court for the Virgin Islands with possession of marijuana and possession with intent to distribute cocaine base. (Dkt. No. 12-3). On August 10, 2007, he pleaded guilty to the 2005 and 2007 marijuana charges. Id. On August 31, 2007, the District Court revoked his supervised release in the 2000 case and sentenced him to 33 months in prison, to run concurrently with the sentences in the 2005 and 2007 cases. (Dkt. No. 12-1).

On January 21, 2010, the District Court sentenced Dowling to 81 months in prison on the 2005 conviction and 8 months in prison on the 2007 conviction, to run consecutively to one another and concurrently with the 33-month sentence imposed on August 31, 2007. (Dkt. No. 12-4). In addition, the District Court directed that he receive credit for time served from April 15, 2005 to July 3, 2005 and from March 30, 2007 to January 21, 2010. Id. On October 27, 2011, the District Court entered an Amended Judgment, changing April 15, 2005 to April 21, 2005. (Dkt. No. 12-5).

3

On June 22, 2012, the BOP prepared a sentence computation for Dowling's three terms of imprisonment. (Dkt. No. 12-6 at 5). It combined the portion of Dowling's 33-month revocation sentence he had served between August 31, 2007 and January 20, 2010, with the 89 months he received on January 21, 2010, calculating an aggregate term of imprisonment of 117 months and 21 days. The BOP then began computation of this aggregate term of imprisonment on August 31, 2007, with prior custody credit from April 21, 2005 to July 22, 2005 and from March 30, 2007 to August 30, 2007. Id. Based upon this calculation, it projected that Dowling will be released from custody via good conduct time release on July 25, 2015. Id. at 6.

### III.

The Attorney General, not the sentencing court, is responsible for computing federal sentences, United States v. Wilson, 503 U.S. 329, 331–32 (1992), and this authority has been delegated to the BOP. 28 C.F.R. § 0.96. The computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled. King v. Deboo, No. 2:11-CV-50, 2012 WL 1119763, at *2 (N.D. W. Va. April 3, 2012) (citing Binford v. United States, 436 F.3d 1252, 1254 (10th Cir. 2006)).

**DOWLING v. CARTER**                                                      **1:12CV177**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**A.**

The date upon which a federal sentence commences is controlled by 18 U.S.C. § 3585(a), which provides as follows:

> (a) Commencement of sentence. — A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). A federal sentence cannot commence prior to the date it is pronounced by the sentencing court, even if it is made concurrent with a sentence already being served. Coloma v. Holder, 445 F.3d 1282 (11th Cir. 2006) (citing United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)); see also Rashid v. Quintana, 372 F. App'x 260, 262 (3d Cir. 2010) ("[A] federal sentence cannot begin to run earlier than on the date on which it is imposed." (citations omitted)); BOP Program Statement 5880.28, Ch. 1, Pg. 13 (February 21, 1992), available at http://www.bop.gov/policy/progstat/5880_028.pdf ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.").

Dowling objects that his sentencing judge "ruled that the sentences [imposed on January 21, 2010] were to have deemed to have commenced on April 21, 2005." (Dkt. No. 24). The record, however, does not support such an assertion – at most, the judge's comments

5

at sentencing amount to speculation regarding the amount of credit the defendant would be awarded for time served, and certainly did not amount to a statement that the judge intended Dowling's sentence to commence retroactively - "an outcome that would," in any event, "clearly conflict with 18 U.S.C. § 3585." United States v. Howze, 178 F. App'x 328, 329-330 (4th Cir. 2006).

Here, the BOP aggregated the portion of Dowling's 33-month revocation sentence that he had served between August 31, 2007, and January 20, 2010, with the 89 months he received on January 21, 2010, calculating an aggregate term of imprisonment of 117 months and 21 days. See 18 U.S.C. § 3584(c) ("Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."). In other words, Dowling's 33-month sentence commenced on August 31, 2007, the same day it was imposed, and ran alone until January 20, 2010. On January 21, 2010, when he was sentenced to a total term of 89 months to run concurrently with the 2007 sentence, the 89-month sentence commenced and began to run concurrently with the remainder of the 33-month sentence. See Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983) (stating that "a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with the remainder of the

one then being served.").

In its totality, then, Dowling's resulting term of imprisonment is 117 months and 21 days. The BOP correctly determined that this aggregate sentence runs from August 31, 2007, the date the first sentence in his aggregate term "commenced." 18 U.S.C. § 3585(a).

**B.**

The amount of time a defendant is to be credited for time served is controlled by controlled by 18 U.S.C. § 3585(b), which provides as follows:

> (b) Credit for prior custody. — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences —
>    (1) as a result of the offense for which the sentence was imposed; or
>    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Per this statutory mandate, the BOP is prohibited from applying prior custody credit toward a federal sentence if the prisoner has already received credit toward another sentence. Wilson, 503 U.S. at 333 ("[T]he final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.'" (quoting 18 U.S.C. §

7

3585(b)); see also United v. Goulden, No. 94-5389, 1995 WL 298086, *2 n.3 at 54 F.3d 774 (4th Cir. 1995) ("credit is only available for time spent in custody which has not been credited against another sentence"); United States v. Brown, No. 91-5877, 1992 WL 237275, at *1 (4th Cir. Sept. 25, 1992) ("[A] defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence."). As the United States Supreme Court stated regarding the enactment of 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337.

Here, the BOP awarded Dowling prior custody credit toward his aggregate sentence from April 21, 2005, to July 22, 2005, and March 3, 2007, to August 30, 2007, because those are days in which he was in pretrial detention and were not credited against any other sentence. Dowing is not entitled to any further credit on his sentence, and the BOP correctly refused to award Dowling "double credit for his detention time." Wilson, 503 U.S. at 337; see also Miramontes v. Driver, 243 F. App'x 855 (5th Cir. 2007) (finding that "defendant was not entitled to credit against subsequently imposed sentence for time served which had previously been credited against first-imposed sentence, despite second sentencing court's order that sentences at issue be served concurrently"). The

8

sentencing court's erroneous calculation of the credit Dowling would receive for time served is irrelevant. <u>Wilson</u>, 503 U.S. at 334 ("[18 U.S.C.] § 3585(b) does not authorize a district court to compute the credit at sentencing."); <u>see also</u> <u>United States v. LaBeilla-Soto</u>, 163 F.3d 93, 98 (2d Cir. 1998) ("the district court had no authority to grant defendant sentencing credit for time he spent in federal custody before sentencing").

**IV.**

For the reasons discussed, the Court **FINDS** that the BOP properly calculated the petitioner's sentence. Accordingly, it:

1. **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 22);
2. **GRANTS** the respondent's Motion to Dismiss or, In the Alternative for Summary Judgment (dkt. no. 11);
3. **DENIES** Dowling's § 2241 petition (dkt. no. 1); and
4. **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED.**

**DOWLING v. CARTER**                                                      **1:12CV177**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the <u>pro</u> <u>se</u> petitioner, certified mail, return receipt requested.

Dated: May 21, 2013.

<u>/s/ Irene M. Keeley</u>
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
